UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       Case No. 17-cr-20442

v.                                       Honorable Thomas L. Ludington
                                            Magistrate Judge Patricia Morris

DEMARIO DELVON LINDSEY,

        Defendant.
_____/

**ORDER GRANTING MOTION FOR DISCOVERY IN PART**

On June 28, 2017, an Indictment was returned charging Defendant Demario Delvon Lindsey with six counts of distribution of a controlled substance in violation of 21 U.S.C. § 841 (a)(1). ECF No. 1. Specifically, the indictment alleges that on or about May 17, 23, 24, and 30 2017, Defendant knowingly and intentionally distributed a mixture or substance containing cocaine, and that on or about May 24, and 30, 2017, Defendant knowingly and intentionally distributed a mixture or substance containing heroin. Indict. at 1-3. Trial is currently scheduled for October 31, 2017.

Prior to the motion cut-off, Defendant filed the instant Motion for Discovery, seeking 1) "a list of names of any and all witnesses in this matter, specifically those of the confidential informant used in this case"; 2) "any and all names of any and all other witnesses"; 3) "the criminal history as well as any plea bargains or Rule 11 Agreements with any of the confidential informants"; 4) "a copy of any audio and/or video recordings, including but not limited to telephone calls between the confidential informant and the Defendant and/or any alleged contacts between any of the confidential informants and the Defendant"; 5) "a Copy of the search warrant and affidavit which was executed at 446, 445, and 440 South 10th Street."; and 6) "any and all

copies of Grand Jury Transcripts in this matter." ECF No. 13. On October 2, 2017, the United States filed a response objecting to all of the requested discovery, except for the search warrant and affidavit. ECF No. 15. Defendant did not file a reply. As the Motion is uncontested as to the search warrant and affidavit, the Motion will be granted as to that request. For the reasons that follow, the Motion will be denied as to all other requests, but without prejudice.

**I.**

Defendant requests a list of all of the government's witnesses, including confidential informants. Courts have uniformly held that neither *Brady*, the Jencks Act, nor Rule 16 require the Government to produce its witness list in advance of trial. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("It does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably."); 18 U.S.C § 3500(e)(3); *United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993). Undoubtedly, pretrial disclosure of the witness list would promote a speedy resolution of the trial. But such disclosure is not required. At this stage, several weeks before trial, the Government may not yet have finalized the witness list. The Government's desire to protect potential witnesses from having their identity unnecessarily disclosed is reasonable. Further, the Scheduling Order in this matter directs both parties to submit their witness list and exhibit list one week before trial. *See* ECF No 11. That deadline is sufficient to ensure adequate time for counsel to prepare while also protecting against unnecessary disclosures. Defendant's motion for the witness list will be denied.

Defendant also requests audio/video recordings of his conversations and interactions with the confidential informants but provides no basis for this disclosure apart from his request for identification of all witnesses. Br. in Supp. at 2, 5. Therefore, this request will be denied for the

same reasons. Additionally, to a large extent Defendant requests discovery that is not required until after a witness testifies *at trial*, and the request is thus premature. *See* Federal Rule of Criminal Procedure 26.2(a) ("After a witness . . . has testified on direct examination, the court . . . must order an attorney for the government . . . to produce . . . any statement of the witness that is in their possession."); Jencks Act, 18 U.S.C § 3500(e)(3) ("After a witness called by the United States has testified on direct examination, the court shall . . . order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.").

Defendant also requests the criminal history, plea bargains, or rule 11 agreements with confidential informants. Defendant premises his request for impeachment evidence primarily under *Brady* and *Giglio*. Br. in Supp. at 3-4; *Brady v. Maryland*, 373 U.S. 86 (1963); *Giglio v. United States*, 405 US 150 (1972). Firstly, *Brady* material need only be disclosed "in time for effective use at trial." *United States v. Presser*, 844 F.2d 1275, 1286 (6th Cir. 1988). Pre-trial disclosure of impeachment evidence is not required by *Brady*. More importantly, *Brady* does not require disclosure of "any and all impeachment evidence" because there is no "constitutional right to know the tactical strengths and weaknesses of the government's case." *Id.* Furthermore, neither *Brady* nor *Giglio* create a general discovery right for trial preparation or plea negotiations. *See U.S. v. Ruiz*, 536 U.S. 622, 629 (2002); *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).

Defendant also requests grand jury transcripts. Disclosures of grand jury matters to defense counsel are governed by Rule 6(e)(3)(E). That section provides as follows:

> The court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter:
>
> (i)      preliminarily to or in connection with a judicial proceeding;

(ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury;

*Id.* The Supreme Court has "consistently construed the Rule . . . to require a strong showing of particularized need for grand jury materials before any disclosure will be permitted." *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 443 (1983). In order to show a particularized need for disclosure of grand jury materials, the moving party must show: "[T]he material sought will prevent a possible injustice, (b) the need for disclosure outweighs the need for secrecy, and (c) the request is narrowly tailored to provide only material so needed." *Fed. Deposit Ins. Corp. v. Ernst & Whinney*, 921 F.2d 83, 86 (6th Cir. 1990). Defendant does not attempt to show a particularized need for disclosure of grand jury materials, and certainly does not narrowly tailor his request to provide only material needed, but rather requests copies of "any and all grand jury transcripts." Br. in Supp. at 5. Accordingly, the request will be denied.

## II.

Accordingly, it is **ORDERED** that Defendant's Motion for Discovery, ECF No. 13, is **GRANTED** as to his request for a copy of the search warrant and affidavit which was executed at 446, 445, and 440 South 10th Street, and the United States is **DIRECTED** to produce the same to Defendant within seven days of the entry of this Order.

It is further **ORDERED** that Defendant's Motion for Discovery, ECF No. 13, is **DENIED** as to all other requests.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: October 13, 2017

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 13, 2017.

                                      s/Kelly Winslow
                                      KELLY WINSLOW, Case Manager