UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEMARIO DELVON LINDSEY,

    *Petitioner*

v.

UNITED STATES OF AMERICA,

    *Respondent.*

_____/

CRIM. CASE NO. 17-20442
CIVIL CASE NO. 18-13708
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S 28 U.S.C. § 2255 MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE (R. 37)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's motion to vacate (R. 37) be **DENIED.**

**II.    REPORT**

    **A.    Introduction**

On June 28, 2017, an Indictment charged Petitioner with four counts of distribution of cocaine and two counts of distribution of heroin in violation of 21 U.S.C. § 841(a)(1). (R.1.) On October 31, 2017, Petitioner pleaded guilty to one count of distribution of cocaine pursuant to a plea agreement but this plea agreement was set aside pursuant to a stipulated order on March 23, 2018. (R.29.) The reason for the plea agreement being set aside and Defendant's guilty plea being withdrawn is identical to Petitioner's current complaint: the initial plea agreement stated that the applicable guideline range was 30-37 months but probation calculated the applicable range to be 46-57 months based on an adjusted amount of controlled substances for which Petitioner was responsible. (R.37 at PageID.189.) Petitioner was provided with and signed a new plea agreement

and pleaded guilty pursuant to the terms of that plea agreement, showing a guideline range of 46-57 months, on March 27, 2018. (R. 31 at PageID.135; R. 33.)

On April 26, 2018, a sentencing hearing was held and a judgment entered committing Petitioner to the Bureau of Prisons for 50 months. (R. 35 at PageID.157.) Petitioner did not appeal his conviction or sentence.

On November 19, 2018, Petitioner filed the instant motion to vacate sentence (R. 37), the government responded (R.42,) and Petitioner replied. (R.44.)

Petitioner's §2255 motion to vacate his sentence asserts that his trial counsel was ineffective because he "failed to object to the District Court's breach of plea agreement and/or modifying the plea agreement, by changing the recommended sentencing range from 30-37 months to 46-57 months." (R.37 at PageID.184.) In his reply, Petitioner adds that "the Court was bound by the original plea agreement sentencing guideline range 30 to 37 months that he entered into on October 31, 2017, because the Court accepted it; it was binding and enforceable, and precluded the Court from imposing a sentence (i.e. guideline range 46 to 57 months) from the one contained in the original plea agreement on October 31, 2017." (R.44 at PageID.233.) Petitioner surmises that "[h]ad counsel simply objected to what was an obvious error, the Court would have been forced to uphold the October 31, 2017 plea agreement between the parties and sentenced Petitioner to the agreed upon guideline range 30 to 37 months." (R.44 at PageID.234.)

**B.     Law and Analysis**

*1.     Legal Standards*

To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea

2

or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

Claims of ineffective assistance of counsel are governed by the Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-prong test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense–not what bears a false label of 'strategy'–based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 489 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 694. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Id.* at 369 (citations omitted).

  2.   *Analysis*

As noted by the government, Petitioner's original plea was withdrawn, by stipulation of the parties, and at the second plea hearing, Petitioner acknowledged that he understood his previous plea had been withdrawn and that he was entering a new plea based on a new plea agreement. (R.42 at PageID.202,204; R.36 at PageID.164.) Petitioner also acknowledged he understood the terms of the agreement and was not surprised by anything he heard as the government went through the agreement. R.42 at PageID.205; R.36 at PageID.172.) Petitioner indicated that he understood that "as long as you don't get sentenced higher than 57 months, you won't be able to appeal your sentence at all, no matter what." (*Id.*) When asked by the Court if he would "promise [the court] that if there is something that's not clear, something you don't understand, something that sounded off, anything we've been talking about at all today, you'll ask me that question and

4

clear things up today. Would you do that for me?", Petitioner responded, "Oh yes, ma'am, yes, ma'am." (R.36 at PageID.174-175.) Petitioner indicated there were no promises made to him about sentencing or any other matters outside the plea agreement and his voluntariness was confirmed on the record. (R.36 at PageID.175-76.)

Where, as here, the court "has scrupulously followed the required procedure [under Rule 11], the defendant is bound by his statements in response to the Court's inquiry." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993). Since "courts must be able to rely on a defendant's statements during a plea colloquy, 'allegations in a §2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always "patently incredible" and "patently frivolous or false."'" (R. 601 at PageID.4451), quoting *Barnett v. United States*, 2017 WL 160896 (E.D. Tenn. Jan. 13, 2017). Therefore, I suggest that any claims regarding the plea-taking process fail, as his arguments are contradicted by his statements during the plea colloquy that he understood the terms of the agreement and that he would bring forward any questions, and where he specifically acknowledged the terms of the new agreement, including the applicable guideline range.

Petitioner's legal argument that the Court was somehow bound by the terms of the original agreement, despite the fact that it was set aside and a new plea agreement was entered into, fares no better. "[P]lea bargains are essentially contracts." Pickett v. United States, 556 U.S. 129, 137 (2009). As with other contracts, a new plea agreement, properly entered into, supersedes any former plea agreement. *United States v. Graham*, 343 F. App'x 455, 457 (11th Cir. 2009); *Hayes v. United States*, 2012 WL 122357, at *7, n. 5 (D. Md. Jan. 12, 2012) (noting that plea agreements are interpreted as contracts and that parties to the agreement "may agree to substitute a new

5

agreement for the old one, extinguishing the obligations of the earlier agreement in consideration for the promises made in the new one").

Here, Petitioner indicated that he understood that he was pleading under the terms of the new agreement. He cannot now legitimately say that his lawyer was ineffective for failing to demand that the Court follow the former agreement even though the former agreement had been withdrawn and superseded. *Fernandez v. United States*, 2017 WL 6597535, at *10 (S.D. Fla. Mar. 3, 2017) (no ineffective assistance where counsel tore up original plea agreement that contained a mistake and then presented a new plea agreement with a corrected, and less favorable, drug amount that Petitioner voluntarily entered into). Accordingly, I suggest that the petition be denied.

Even if Petitioner could establish that counsel's performance somehow fell below an objective standard, I suggest that he cannot show prejudice. In order to show prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed.2d 203 (1985). Here, Petitioner does not even allege that he would have decided to go to trial absent counsel's advice. I suggest that Petitioner is unable to show prejudice and thus, that his motion should be denied for this reason as well.

### C. Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on the allegations raised in his motion.

### D. Conclusion

For all the reasons stated above, I recommend that the Court deny Petitioner's motion to vacate. (R. 37.)

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another

party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  February 22, 2019                    S/ PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge

**CERTIFICATION**

      I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Demario Delvon Lindsey #55731039 at McKean Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 8000, Bradford, PA 16701.

Date: February 22, 2019                  By s/Kristen Castaneda
                                                     Case Manager