UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                          Case No. 17-cr-20442

v.                                                Honorable Thomas L. Ludington
                                                  Magistrate Judge Patricia Morris

DEMARIO DELVON LINDSEY,

                    Defendant.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION, DENYING MOTION TO VACATE, DENYING CERTIFICATE
OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

On June 28, 2017, an Indictment was returned charging Defendant Demario Delvon Lindsey with six counts of distribution of a controlled substance in violation of 21 U.S.C. § 841 (a)(1). ECF No. 1. On October 31, 2017, Petitioner pleaded guilty to one count of distribution of cocaine pursuant to a plea agreement. ECF No. 21. The plea agreement stated that the applicable guideline range was 30-37 months, but probation calculated the applicable range to be 46-57 months based on an adjusted amount of controlled substances for which Petitioner was responsible. ECF No. 37 at PageID.189. Accordingly, the parties stipulated to set aside the plea agreement and withdraw the guilty plea. ECF No. 29.

Petitioner was provided with and signed a new plea agreement and pleaded guilty pursuant to the terms of that plea agreement which calculated the guideline range at 46-57 months. ECF No. 31 at PageID. 135; ECF No. 33. On April 26, 2018, a sentencing hearing was held and a judgment was entered committing Petitioner to the Bureau of Prisons for 50 months. ECF No. 35 at PageID.157. Petitioner did not appeal his conviction or sentence. On November

19, 2018, Petitioner filed the instant motion to vacate sentence. ECF No. 37. The government

responded (ECF No. 42), and Petitioner replied (ECF No. 44).

In his motion to vacate, Petitioner asserted that the Court was bound by his initial plea

agreement, that the Court violated Federal Rule of Criminal Procedure 11(c)(1)(C) by breaching

that agreement, that his counsel erred in failing to object to the Court's error, and that an

evidentiary hearing is necessary to substantiate the facts supporting his claim. ECF No. 37. The

motion was referred to Magistrate Judge Patricia T. Morris. ECF No. 39. On February 22, 2019,

Judge Morris issued a report, recommending that the motion be denied. ECF No. 45. Judge

Morris explained as follows:

> "[P]lea bargains are essentially contracts." *Pickett v. United States*, 556 U.S. 129,
> 137 (2009). As with other contracts, a new plea agreement, properly entered into,
> supersedes any former plea agreement. *United States v. Graham*, 343 F. App'x
> 455, 457 (11th Cir. 2009); *Hayes v. United States*, 2012 WL 122357, at *7, n. 5
> (D. Md. Jan. 12, 2012) (noting that plea agreements are interpreted as contracts
> and that parties to the agreement "may agree to substitute a new agreement for the
> old one, extinguishing the obligations of the earlier agreement in consideration for
> the promises made in the new one").

Rep. & Rec. at 5-6. Accordingly, Judge Morris concluded that Petitioner is entitled to no relief,

and that there were no disputed facts to be explored at an evidentiary hearing.

## I.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of

a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2).  Objections must

be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).  If

objections are made, "[t]he district judge must determine de novo any part of the magistrate

judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  De novo review

requires at least a review of the evidence before the magistrate judge; the Court may not act

solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*,

656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

## II.

Petitioner's objections reassert the same arguments he made in his motion. These arguments are without merit for the same reasons explained by Judge Morris. An objection that merely restates the arguments previously presented does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004).

## III.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Here, Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted. Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## IV.

Accordingly, it is **ORDERED** that the report and recommendation, ECF No. 45, is **ADOPTED**.

It is further **ORDERED** that Petitioner's objections, ECF No. 46, are **OVERRULED**.

It is further **ORDERED** that Petitioner's motion to vacate, ECF No. 37, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 15, 2019

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Demario Delvon Lindsey** #55731-039, MCKEAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 8000, BRADFORD, PA 16701 by  first class U.S. mail on March 15, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager